[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 26, 1985 in Winchester, New Hampshire. The parties have resided in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-81 and 46b-82, Conn. General Statutes, in reaching the decisions reflected in the orders that follow. CT Page 419
The parties have been married for approximately eight years. Both parties are gainfully employed and both appear to be in good health. The defendant is 34 years old and the plaintiff is 28 years old.
The parties have very little in the way of marital assets. The marital home appears to have little, if any, equity. The defendant is presently residing in the marital home and would prefer to retain the ownership of this property. The other assets of the parties consist of miscellaneous personal property, including a gun collection.
When the marital home was purchased in May 1990, the plaintiff used $4834.54 from her savings toward the purchase price. The defendant contributed approximately $4,000 toward the purchase. The defendant borrowed the funds from his 401(K) plan. Although not listed on his financial affidavit the defendant's 401(K) plan had a value of $15,472.28 as of September 30, 1992. The defendant has continued to make contributions toward this plan at the rate of $79.20 per week.
During the course of the marriage, the defendant indulged himself in the purchase of a substantial number of guns. The total cost of the defendant's gun collection and accessories is approximately $6,600. The plaintiff pursued her hobby of maintaining aquariums, but at a cost considerably less than the acquisition of the guns.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
A. Real Estate
1. The plaintiff shall forthwith transfer her interest in the real estate located at 476 Roosevelt Drive, Oxford, Connecticut, to the defendant. The defendant shall hold the plaintiff harmless from any and all liability with respect to the mortgage, taxes and insurance.
2. Within six years of date, the defendant shall make a bona fide effort to refinance the marital property to remove the plaintiff's name from the mortgage deed and note. CT Page 420
B. Property Settlement
1. The court has taken into consideration the personal property owned by the parties, their respective pensions and 401(K) plans and awards the plaintiff a lump sum property settlement in the amount of $15,135. Said lump sum property award shall not be dischargeable in bankruptcy.
2. The defendant shall pay said lump sum award to the plaintiff at the rate of $335 per month commencing February 1, 1994 and monthly thereafter until such time as the award is paid in full.
3. The defendant failed to include on his financial affidavit the rental income of $400 per month which he receives from the rental of the efficiency apartment. The court finds the defendant's net weekly income to be $633.82 per week (excluding the $79.20 per week 401(K) contribution). The defendant's weekly expenses total $487.96 according to his financial affidavit. Thus, the court finds he will be able to pay the award at the rate of $335 per month. The terms for the payment of the award shall be modifiable. The lump sum amount of the award is nonmodifiable.
C. Personal Property
1. The plaintiff shall be entitled to the following items of personal property:
1. her jewelry and personal property in her possession;
2. chest freezer;
3. refrigerator;
4. one heater;
5. blender;
6. Snack Master;
7. Crock pot and food processor;
8. mixer and meat grinder; CT Page 421
9. liquor cabinet and cedar chest;
10. one waterbed (defendant's choice);
11. one desk;
12. 10 gallon fish tank and all accessories;
13. 30 gallon fish tank and all accessories; and
14. her pension.
2. The defendant shall be entitled to the following:
 1. his gun collection, accessories and reloading equipment;
2. his 1988 Yamaha motorcycle;
3. his Mitsubishi motor vehicle;
 4. the remaining items of personal property that are in the marital residence; and
5. his 401(K) plan.
D. Counsel Fees
The defendant shall pay to the plaintiff as a contribution towards her attorney's fees the sum of $500, payable within 30 days of date.
E. Change of Name
The plaintiff is granted a change of name to Lisa Ann Celone.
F. Alimony
No award of periodic alimony is made to the plaintiff or the defendant.
Coppeto, J. CT Page 422